Exhibit "A"

FILED: SUFFOLK COUNTY CLERK 01/15/2026 10:47 AM

NYSCEF DOC. NO. 1

INDEX NO. 601323/2026

RECEIVED NYSCEF: 01/15/2026

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK

-----------------------------------------------------------------------X

SIMONE OLIVER,

                         Plaintiff(s),

-against-

TARGET CORPORATION, FAE HOLDINGS
463465R, LLC, and TARGET STORES,

                         Defendant(s).

-----------------------------------------------------------------------X

**Index No.:**

**SUMMONS**

Plaintiff designates SUFFOLK
COUNTY as the place of trial, the
county in which a substantial part
of the events or omissions giving
rise to the claim occurred.

**TO THE ABOVE-NAMED DEFENDANT(s):**

**YOU ARE HEREBY SUMMONED** to Answer the Verified Complaint in this action and
to serve a copy of your Answer on the Plaintiff's attorneys within twenty days after the service of
this Summons, exclusive of the day of service of this Summons, or within thirty days after service
of this Summons is complete, if this Summons is not personally delivered to you within the State
of New York.

In case of your failure to Answer this Summons, a Judgment by Default will be taken
against you for the relief demanded in the Verified Complaint.

Dated: New York, New York
       January 15, 2026

                               **MORGAN & MORGAN NEW YORK, PLLC**

                               By: /s/ Nicholas Gerschman
                               Nicholas Gerschman, Esq.
                               Attorneys for Plaintiff
                               199 Water Street, 15th Floor
                               New York, NY 10038
                               (917) 344-7021
                               ngerschman@forthepeople.com

1

FILED: SUFFOLK COUNTY CLERK 01/15/2026 10:47 AM
INDEX NO. 601323/2026
NYSCEF DOC. NO. 1
RECEIVED NYSCEF: 01/15/2026

2 of 14

## PLEASE FORWARD TO YOUR INSURANCE CARRIER

TARGET CORPORATION
1000 NICOLLET MALL
MINNEAPOLIS, MN 55403

FAE HOLDINGS 463465R, LLC
C/O FIRST AMERICAN EXCHANGE COMPANY, LLC
215 SOUTH STATE STREET, SUITE 380,
SALT LAKE CITY, UT, UNITED STATES, 84111

TARGET STORES
C/O TARGET CORPORATION
1000 NICOLLET MALL
MINNEAPOLIS, MN 55403

2

FILED: SUFFOLK COUNTY CLERK 01/15/2026 10:47 AM

NYSCEF DOC. NO. 1

INDEX NO. 601323/2026

RECEIVED NYSCEF: 01/15/2026

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK

-------------------------------------------------------------------X

SIMONE OLIVER,                                          **Index No.:**

          Plaintiff(s),

     -against-                                       **<u>VERIFIED COMPLAINT</u>**

TARGET CORPORATION, FAE HOLDINGS
463465R, LLC, and TARGET STORES
,

          Defendant(s).

-------------------------------------------------------------------X

Plaintiff, SIMONE OLIVER, by and through her attorneys, MORGAN & MORGAN NEW YORK PLLC, alleges upon information, and/or belief:

1.     Plaintiff SIMONE OLIVER, at all times herein mentioned, was and has been a resident of the County of Suffolk, State of New York.

2.     At all relevant times herein, Defendant, TARGET CORPORATION, was and still is a foreign corporation, with a principal place of business in State of Minnesota.

3.     At all relevant times herein, the defendant, TARGET CORPORATION, transacted business within the State of New York and/or contracted anywhere to supply goods or services in the State of New York.

4.     At all relevant times herein, Defendant, TARGET CORPORATION, owned, used, or possessed real property situated within the State of New York.

5.     At all relevant times herein, Defendant, TARGET CORPORATION, conducted business within the State of New York.

6.     At all relevant times herein, Defendant, TARGET CORPORATION, regularly did business, solicited business, engaged in some persistent course of conduct, or derived substantial revenue from goods used, goods consumed, or services rendered in the State of New York.

1

FILED: SUFFOLK COUNTY CLERK 01/15/2026 10:47 AM
INDEX NO. 601323/2026
NYSCEF DOC. NO. 1
RECEIVED NYSCEF: 01/15/2026

7. At all relevant times herein, Defendant, TARGET CORPORATION, expected or should have reasonably expected its acts to have consequences in the State of New York.

8. On and before September 12, 2025 (the "Subject Date"), Defendant, TARGET CORPORATION, owned the premises located at 100 Willow Park Ctr Farmingdale, NY 11735-1001 (the "Subject Premises").

9. On and before the Subject Date, Defendant, TARGET CORPORATION was one of the owners of the Subject Premises.

10. On and before the Subject Date, Defendant, TARGET CORPORATION leased the Subject Premises.

11. On and before the Subject Date, Defendant, TARGET CORPORATION, by its servants, agents and/or employees, possessed the Subject Premises.

12. On and before the Subject Date, Defendant, TARGET CORPORATION, by its servants, agents and/or employees, operated the Subject Premises.

13. On and before the Subject Date, Defendant, TARGET CORPORATION, did business at the Subject Premises.

14. On and before the Subject Date, Defendant, TARGET CORPORATION, by its servants, agents and/or employees, maintained the Subject Premises.

15. On and before the Subject Date, Defendant, TARGET CORPORATION, by its servants, agents and/or employees, cleaned the Subject Premises.

16. On and before the Subject Date, Defendant, TARGET CORPORATION, by its servants, agents and/or employees, managed the Subject Premises.

17. On and before the Subject Date, Defendant, TARGET CORPORATION, by its servants, agents and/or employees inspected the Subject Premises.

2

FILED: SUFFOLK COUNTY CLERK 01/15/2026 10:47 AM
INDEX NO. 601323/2026

NYSCEF DOC. NO. 1
RECEIVED NYSCEF: 01/15/2026

18. On and before the Subject Date, Defendant, TARGET CORPORATION, by its servants, agents and/or employees, controlled the Subject Premises.

19. On or before the Subject Date, Defendant, TARGET CORPORATION, by its servants, agents and/or employees repaired the Subject Premises.

20. On or before the Subject Date, Defendant, TARGET CORPORATION, by its servants, agents and/or employees designed the Subject Premises.

21. On or before the Subject Date, Defendant, TARGET CORPORATION, by its servants, agents and/or employees constructed the Subject Premises.

22. On or before the Subject Date, Defendant, TARGET CORPORATION, by its servants, agents and/or employees derived a special use from the Subject Premises.

23. On or before the Subject Date, Defendant, TARGET CORPORATION, by its servants, agents and/or employees hired, retained, contracted, and/or trained certain individuals or entities to perform cleaning, maintenance, repair, and/or other services at the Subject Premises.

24. At all times herein mentioned, it was the duty of Defendant, TARGET CORPORATION, to maintain the Subject Premises in a reasonably safe and suitable condition for patrons, customers, guests, tenants, and pedestrians, including but not limited to the Plaintiff herein.

25. At all times herein mentioned, it was the duty of Defendant, TARGET CORPORATION, to maintain the parking lot (the "Subject Location") at the Subject Premises, in a reasonably safe and suitable condition for patrons, customers, guests, tenants, and pedestrians, including but not limited to the Plaintiff herein.

26. On or before the Subject Date, Defendant, TARGET CORPORATION, by its servants, agents and/or employees inspected the Subject Location at the Subject Premises.

3

FILED: SUFFOLK COUNTY CLERK 01/15/2026 10:47 AM                    INDEX NO. 601323/2026

NYSCEF DOC. NO. 1                                                  RECEIVED NYSCEF: 01/15/2026

27.    On or before the Subject Date, Defendant, TARGET CORPORATION, by its servants, agents and/or employees repaired the Subject Location at the Subject Premises.

28.    On or before the Subject Date, Defendant, TARGET CORPORATION, by its servants, agents and/or employees installed the walking surface at the Subject Location at the Subject Premises.

29.    On or before the Subject Date, Defendant, TARGET CORPORATION, by its servants, agents and/or employees designed the walking surface at the Subject Location at the Subject Premises.

30.    On or before the Subject Date, Defendant, TARGET CORPORATION, by its servants, agents and/or employees cleaned the walking surface at the Subject Location at the Subject Premises.

31.    On or before the Subject Date, Defendant, TARGET CORPORATION, derived a special use from the Subject Location at the Subject Premises.

32.    At all relevant times herein, Defendant, FAE HOLDINGS 463465R, LLC, was and still is a domestic corporation, with a principal place of business in State of New York.

33.    At all relevant times herein, the defendant, FAE HOLDINGS 463465R, LLC, transacted business within the State of New York and/or contracted anywhere to supply goods or services in the State of New York.

34.    At all relevant times herein, Defendant, FAE HOLDINGS 463465R, LLC, owned, used, or possessed real property situated within the State of New York.

35.    At all relevant times herein, Defendant, FAE HOLDINGS 463465R, LLC, conducted business within the State of New York.

36.    At all relevant times herein, Defendant, FAE HOLDINGS 463465R, LLC, regularly did business, solicited business, engaged in some persistent course of conduct, or derived

4

FILED: SUFFOLK COUNTY CLERK 01/15/2026 10:47 AM    INDEX NO. 601323/2026
NYSCEF DOC. NO. 1    RECEIVED NYSCEF: 01/15/2026

substantial revenue from goods used, goods consumed, or services rendered in the State of New York.

37.    At all relevant times herein, Defendant, FAE HOLDINGS 463465R, LLC, expected or should have reasonably expected its acts to have consequences in the State of New York.

38.    On and before the Subject Date, Defendant, FAE HOLDINGS 463465R, LLC, owned the Subject Premises.

39.    On and before the Subject Date, Defendant, FAE HOLDINGS 463465R, LLC, was one of the owners of the Subject Premises.

40.    On and before the Subject Date, Defendant, FAE HOLDINGS 463465R, LLC leased the Subject Premises.

41.    On and before the Subject Date, Defendant, FAE HOLDINGS 463465R, LLC, by its servants, agents and/or employees, possessed the Subject Premises.

42.    On and before the Subject Date, Defendant, FAE HOLDINGS 463465R, LLC, by its servants, agents and/or employees, operated the Subject Premises.

43.    On and before the Subject Date, Defendant, FAE HOLDINGS 463465R, LLC, did business at the Subject Premises.

44.    On and before the Subject Date, Defendant, FAE HOLDINGS 463465R, LLC, by its servants, agents and/or employees, maintained the Subject Premises.

45.    On and before the Subject Date, Defendant, FAE HOLDINGS 463465R, LLC, by its servants, agents and/or employees, cleaned the Subject Premises.

46.    On and before the Subject Date, Defendant, FAE HOLDINGS 463465R, LLC, by its servants, agents and/or employees, managed the Subject Premises.

47.    On and before the Subject Date, Defendant, FAE HOLDINGS 463465R, LLC, by its servants, agents and/or employees, inspected the Subject Premises.

5

FILED: SUFFOLK COUNTY CLERK 01/15/2026 10:47 AM    INDEX NO. 601323/2026

NYSCEF DOC. NO. 1                                                RECEIVED NYSCEF: 01/15/2026

48.  On and before the Subject Date, Defendant, FAE HOLDINGS 463465R, LLC, by its servants, agents and/or employees, controlled the Subject Premises.

49.  On or before the Subject Date, Defendant, FAE HOLDINGS 463465R, LLC, by its servants, agents and/or employees repaired the Subject Premises.

50.  On or before the Subject Date, Defendant, FAE HOLDINGS 463465R, LLC, by its servants, agents and/or employees designed the Subject Premises.

51.  On or before the Subject Date, Defendant, FAE HOLDINGS 463465R, LLC, by its servants, agents and/or employees constructed the Subject Premises.

52.  On or before the Subject Date, Defendant, FAE HOLDINGS 463465R, LLC, by its servants, agents and/or employees derived a special use from the Subject Premises.

53.  On or before the Subject Date, Defendant, FAE HOLDINGS 463465R, LLC, by its servants, agents and/or employees hired, retained, contracted, and/or trained certain individuals or entities to perform cleaning, maintenance, repair, and/or other services at the Subject Premises. At all times herein mentioned, it was the duty of Defendant, FAE HOLDINGS 463465R, LLC, to maintain the Subject Premises in a reasonably safe and suitable condition for patrons, customers, guests, tenants, and pedestrians, including but not limited to the Plaintiff herein.

54.  At all times herein mentioned, it was the duty of Defendant, FAE HOLDINGS 463465R, LLC, to maintain the Subject Location at the Subject Premises, in a reasonably safe and suitable condition for patrons, customers, guests, tenants, and pedestrians, including but not limited to the Plaintiff herein.

55.  On or before the Subject Date, Defendant, FAE HOLDINGS 463465R, LLC, by its servants, agents and/or employees inspected the Subject Location at the Subject Premises.

56.  On or before the Subject Date, Defendant, FAE HOLDINGS 463465R, LLC, by its servants, agents and/or employees repaired the Subject Location at the Subject Premises.

6

FILED: SUFFOLK COUNTY CLERK 01/15/2026 10:47 AM
INDEX NO. 601323/2026

NYSCEF DOC. NO. 1

RECEIVED NYSCEF: 01/15/2026

57.    On or before the Subject Date, Defendant, FAE HOLDINGS 463465R, LLC, by its servants, agents and/or employees installed the walking surface at the Subject Location at the Subject Premises.

58.    On or before the Subject Date, Defendant, FAE HOLDINGS 463465R, LLC, by its servants, agents and/or employees designed the walking surface at the Subject Location at the Subject Premises.

59.    On or before the Subject Date, Defendant, FAE HOLDINGS 463465R, LLC, by its servants, agents and/or employees cleaned the walking surface at the Subject Location at the Subject Premises.

60.    On or before the Subject Date, Defendant, FAE HOLDINGS 463465R, LLC, derived a special use from the Subject Location at the Subject Premises.

61.    At all relevant times herein, Defendant, TARGET STORES, was and still is a foreign corporation, with a principal place of business in State of Minnesota.

62.    At all relevant times herein, the defendant, TARGET STORES, transacted business within the State of New York and/or contracted anywhere to supply goods or services in the State of New York.

63.    At all relevant times herein, Defendant, TARGET STORES, owned, used, or possessed real property situated within the State of New York.

64.    At all relevant times herein, Defendant, TARGET STORES, conducted business within the State of New York.

65.    At all relevant times herein, Defendant, TARGET STORES, regularly did business, solicited business, engaged in some persistent course of conduct, or derived substantial revenue from goods used, goods consumed, or services rendered in the State of New York.

7

FILED: SUFFOLK COUNTY CLERK 01/15/2026 10:47 AM
NYSCEF DOC. NO. 1

INDEX NO. 601323/2026
RECEIVED NYSCEF: 01/15/2026

66.    At all relevant times herein, Defendant, TARGET STORES, expected or should have reasonably expected its acts to have consequences in the State of New York.

67.    On and before the Subject Date, Defendant, TARGET STORES, owned the Subject Premises.

68.    On and before the Subject Date, Defendant, TARGET STORES, was one of the owners of the Subject Premises.

69.    On and before the Subject Date, Defendant, TARGET STORES leased the Subject Premises.

70.    On and before the Subject Date, Defendant, TARGET STORES, by its servants, agents and/or employees, possessed the Subject Premises.

71.    On and before the Subject Date, Defendant, TARGET STORES, by its servants, agents and/or employees, operated the Subject Premises.

72.    On and before the Subject Date, Defendant, TARGET STORES, did business at the Subject Premises.

73.    On and before the Subject Date, Defendant, TARGET STORES, by its servants, agents and/or employees, maintained the Subject Premises.

74.    On and before the Subject Date, Defendant, TARGET STORES, by its servants, agents and/or employees, cleaned the Subject Premises.

75.    On and before the Subject Date, Defendant, TARGET STORES, by its servants, agents and/or employees, managed the Subject Premises.

76.    On and before the Subject Date, Defendant, TARGET STORES, by its servants, agents and/or employees, inspected the Subject Premises.

77.    On and before the Subject Date, Defendant, TARGET STORES, by its servants, agents and/or employees, controlled the Subject Premises.

8

FILED: SUFFOLK COUNTY CLERK 01/15/2026 10:47 AM
NYSCEF DOC. NO. 1

INDEX NO. 601323/2026
RECEIVED NYSCEF: 01/15/2026

78.    On or before the Subject Date, Defendant, TARGET STORES, by its servants, agents and/or employees repaired the Subject Premises.

79.    On or before the Subject Date, Defendant, TARGET STORES, by its servants, agents and/or employees designed the Subject Premises.

80.    On or before the Subject Date, Defendant, TARGET STORES, by its servants, agents and/or employees constructed the Subject Premises.

81.    On or before the Subject Date, Defendant, TARGET STORES, by its servants, agents and/or employees derived a special use from the Subject Premises.

82.    On or before the Subject Date, Defendant, TARGET STORES, by its servants, agents and/or employees hired, retained, contracted, and/or trained certain individuals or entities to perform cleaning, maintenance, repair, and/or other services at the Subject Premises. At all times herein mentioned, it was the duty of Defendant, TARGET STORES, to maintain the Subject Premises in a reasonably safe and suitable condition for patrons, customers, guests, tenants, and pedestrians, including but not limited to the Plaintiff herein.

83.    At all times herein mentioned, it was the duty of Defendant, TARGET STORES, to maintain the Subject Location at the Subject Premises, in a reasonably safe and suitable condition for patrons, customers, guests, tenants, and pedestrians, including but not limited to the Plaintiff herein.

84.    On or before the Subject Date, Defendant, TARGET STORES, by its servants, agents and/or employees inspected the Subject Location at the Subject Premises.

85.    On or before the Subject Date, Defendant, TARGET STORES, by its servants, agents and/or employees repaired the Subject Location at the Subject Premises.

86.    On or before the Subject Date, Defendant, TARGET STORES, by its servants, agents and/or employees installed the walking surface at the Subject Location at the Subject Premises.

9

FILED: SUFFOLK COUNTY CLERK 01/15/2026 10:47 AM          INDEX NO. 601323/2026
NYSCEF DOC. NO. 1                                         RECEIVED NYSCEF: 01/15/2026

87.     On or before the Subject Date, Defendant, TARGET STORES, by its servants, agents and/or employees designed the walking surface at the Subject Location at the Subject Premises.

88.     On or before the Subject Date, Defendant, TARGET STORES, by its servants, agents and/or employees cleaned the walking surface at the Subject Location at the Subject Premises.

89.     On or before the Subject Date, Defendant, TARGET STORES, derived a special use from the Subject Location at the Subject Premises.

90.     On the Subject Date, Plaintiff, SIMONE OLIVER, was lawfully traversing the Subject Location at the Subject Premises.

91.     On the Subject Date, Plaintiff, SIMONE OLIVER, was injured due to a dangerous, defective, and unsafe pipe protruding from the ground near the shopping cart rack in the parking lot at the Subject Location of the Subject Premises thereby sustaining serious injuries and damages.

92.     On and before the Subject Date, Defendants had notice of this defective condition, and/or the recurrence of similar and related conditions. In the alternative, Defendants created the defective condition.

93.     Plaintiff SIMONE OLIVER's injuries and damages were caused solely by Defendants' negligence, by causing and/or permitting this dangerous condition, which Defendants knew, or should have known existed, and continued to exist and/or by failing to warn Plaintiff, SIMONE OLIVER, of said dangerous conditions.

94.     The foregoing incident and resulting serious injuries occurred as a direct result of the negligence, carelessness and/or recklessness of the Defendants, its employees, agents, servants and/or staff, without any negligence attributable in any measure to Plaintiff.

95.     As a result of the negligence, carelessness and/or recklessness of Defendants, its employees, agents, servants, and/or staff, Plaintiff was seriously injured and has suffered damages in an amount which exceeds the monetary jurisdictional limits of all lower New York State Courts.

10

FILED: SUFFOLK COUNTY CLERK 01/15/2026 10:47 AM   INDEX NO. 601323/2026
NYSCEF DOC. NO. 1                                                    RECEIVED NYSCEF: 01/15/2026

96.    The limitations on liability set forth in CPLR Article 16 do not apply herein; one or more of the exemptions set forth in CPLR § 1602 applies.

**WHEREFORE**, Plaintiff, SIMONE OLIVER, demands judgment against the Defendants in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction and the minimum amount in controversy required for federal diversity jurisdiction pursuant to 28 U.S.C. § 1332, and plaintiff demands such other and further relief as the Court may deem just and proper, together with the costs and disbursements of this action.

Dated:  New York, New York
        January 15, 2026

**MORGAN & MORGAN NEW YORK, PLLC**

By: /s/ Nicholas Gerschman
Nicholas Gerschman, Esq.
Attorneys for Plaintiff
199 Water Street, 15th Floor
New York, NY 10038
(917) 344-7021
ngerschman@forthepeople.com

11

FILED: SUFFOLK COUNTY CLERK 01/15/2026 10:47 AM   INDEX NO. 601323/2026
NYSCEF DOC. NO. 1                                     RECEIVED NYSCEF: 01/15/2026

## ATTORNEY VERIFICATION

Nicholas Gerschman, an attorney duly admitted to practice law in the Courts of the State of New York, states:

I am the attorney for the Plaintiff in the within action and have read the foregoing SUMMONS and COMPLAINT and the contents thereof; the same is true upon information and belief. This verification is made by this affiant and not by said Plaintiff because said Plaintiff resides in a County other than the County of your affiant's office.

The grounds of affiant's knowledge and belief are as follows: Conference with client and notes and records contained in the file maintained in the regular course of business.

The undersigned affirms that the foregoing statements are true under the penalties of perjury.


Dated: New York, New York
   January 15, 2026


          */s/ Nicholas Gerschman*
          Nicholas Gerschman, Esq.

12