Exhibit "D"

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK

---

SIMONE OLIVER,

      Plaintiff,

          -against-

TARGET CORPORATION, FAE HOLDINGS
463465R, LLC, AND TARGET STORES,

      Defendant(s).

Index No.: 601323/2026

**PLAINTIFF'S RESPONSE TO
DEFENDANTS' COMBINED
DISCOVERY DEMANDS**

---

Plaintiff responds to Defendants TARGET CORPORATION and TARGET STORES's various demands dated February 5, 2026, as follows:

### RESPONSE TO NOTICE TO TAKE DEPOSITION UPON ORAL EXAMINATION

This notice is acknowledged. Plaintiff is available for deposition at a mutually convenient time.

### RESPONSE TO DEMAND PURSUANT TO CPLR ARTICLE 31 FOR AUTHORIZATIONS TO PERMIT INTERVIEW OF TREATING PHYSICIANS BY DEFENSE COUNSEL

Plaintiff objects to this demand to the extent it is overbroad, invasive of Plaintiff's privacy, seeks medical information not related to the injuries at issue in this case, or seeks information not material or necessary in the prosecution or defense of this action. *See Felix v. Lawrence Hosp. Ctr.*, 100 AD3d 470 [1st Dept 2012]; *Romance v. Zavala,* 98 AD3d 726 [2nd Dept 2012]; *McGlone v. Port Auth. Of NY. & NJ.*, 90 AD3d 479 [1st Dept 2011]; *McFarlane v. County of Suffolk*; 60 AD3d 918 [2nd Dept 2009]. Notwithstanding this objection, Plaintiff will provide appropriate and relevant authorizations required by Article 31 upon identification by Defendant(s) of specific physicians to be interviewed.

### RESPONSE TO DEMAND FOR DAMAGES

Plaintiff demands judgment against the defendants in the sum of fifty million dollars, together with the costs, interest, and disbursements of this action.

1

## RESPONSE TO DEMAND FOR WITNESS INFORMATION

Plaintiff objects to this demand to the extent it seeks privileged material, including attorney-client communications, attorney work product, and materials prepared in anticipation of litigation. Notwithstanding this objection, witnesses include:

- The parties, including employees, agents, principals, and associates of Defendant(s).
- All healthcare providers and other individuals referenced in Plaintiff's medical records.
- Any police or emergency medical personnel who may have responded to the scene.
- Individuals described in pleadings, disclosed documents, deposition testimony, and other proceedings in this matter.

Plaintiff is continuing to investigate and reserves the right to supplement this response through trial.

## RESPONSE TO DEMAND FOR MEDICAL RECORDS AND MEDICAL PROVIDER INFORMATION

Plaintiff objects to this demand to the extent it is overbroad, invasive of Plaintiff's privacy, seeks medical information not related to the injuries at issue in this case, or seeks information not material or necessary in the prosecution or defense of this action. *See Felix v. Lawrence Hosp. Ctr.*, 100 AD3d 470 [1st Dept 2012]; *Romance v. Zavala,* 98 AD3d 726 [2nd Dept 2012]; *McGlone v. Port Auth. Of NY. & NJ.*, 90 AD3d 479 [1st Dept 2011]; *McFarlane v. County of Suffolk*; 60 AD3d 918 [2nd Dept 2009]. Notwithstanding this objection, Plaintiff treated with the following provider(s) for injuries sustained in the subject incident:

- East Farmingdale Rescue/East Farmingdale Volunteer Fire Company, Inc. – 930 Conklin St E, Farmingdale, NY 11735

- St. Joseph Hospital – 4295 Hempstead Turnpike Bethpage, NY 11714

- Stars Rehabilitation Bay Shore – 46 Brentwood Road Bay Shore, NY 11706

- Northwell Health Imaging Center at Syosset – 100 Lafayette Drive Syosset, NY 11791

- Northwell Health Physician Partners Podiatry at Farmingdale – 475 Main Street #1A Farmingdale, NY 11735

- True North Neurology – 1010 NY-112 Suite 300 Port Jefferson Station, NY 11776

- Zwanger Pesiri Radiology Bay Shore – 160 Brentwood Road Bay Shore, NY 11706

- Northwell Health Physician Partners Wound Care & Hyperbaric Medicine at Plainview Hospital – 888 Old Country Road Plainview, NY 11803

2

- NY Spine and Pain Specialists – 5316 Nesconset Highway Port Jefferson Station, NY 11776

Duly executed HIPAA-compliant authorizations for the release of Plaintiff's medical records and available copies of Plaintiff's medical records are enclosed. Plaintiff is continuing to treat, and Plaintiff reserves the right to supplement this response through trial.

## RESPONSE TO DEMAND FOR EMPLOYMENT INFORMATION

Plaintiff objects to this demand to the extent it is overbroad, invasive of Plaintiff's privacy, seeks information not related to the issues in this case, or seeks information not material or necessary to the prosecution or defense of this action. *See Gutierrez v. Trillium USA, LLC*, 111 AD3d 669 [2nd Dept 2013]. Notwithstanding this objection:

- Plaintiff was not employed at the time of the subject incident.

Plaintiff is continuing to investigate and reserves the right to supplement this response through trial.

## RESPONSE TO DEMAND FOR TAX INFORMATION

Plaintiff objects to this demand as overbroad, invasive of Plaintiff's privacy, seeking information not related to the issues in this case, and seeking information not material or necessary to the prosecution or defense of this action. *See, e.g., Levine v City Med. Assoc., P.C.*, 108 AD3d 746, 747 [2d Dept 2013] ("Tax returns generally are not discoverable 'in the absence of a strong showing that the information is indispensable to the claim and cannot be obtained from other sources'").

## RESPONSE TO DEMAND FOR EDUCATION RECORDS

Plaintiff objects to this demand to the extent it is overbroad, invasive of Plaintiff's privacy, seeks information not related to the issues in this case, or seeks information not material or necessary to the prosecution or defense of this action. Notwithstanding this objection:

- Plaintiff was not a student at the time of the incident.

## RESPONSE TO DEMAND FOR SSDI INFORMATION

Plaintiff objects to this demand as overbroad, invasive of Plaintiff's privacy, seeking medical information not related to the injuries at issue in this case, and seeking information not material or necessary in the prosecution or defense of this action.

## RESPONSE TO DEMAND FOR WORKERS COMPENSATION INFORMATION

Plaintiff objects to this demand to the extent it is overbroad, invasive of Plaintiff's privacy, seeks medical information not related to the injuries at issue in this case, or seeks information not material or necessary in the prosecution or defense of this action. Notwithstanding this objection:

3

- Plaintiff will not make a workers' compensation claim arising from the subject incident.

## RESPONSE TO DEMAND FOR PHOTOGRAPHS AND VIDEOS

Plaintiff objects to this demand to the extent it seeks privileged material, including attorney-client communications, attorney work product, and materials prepared in anticipation of litigation. Plaintiff further objects to any demand for metadata, ESI information, and the like as vague, overbroad, unduly burdensome, and seeking information not material or necessary in the prosecution or defense of this action. Notwithstanding this objection:

- Please see the enclosed three photos.

At trial, Plaintiff intends to introduce relevant aerial or "streetview" imagery from Google Maps or other web mapping service, a global satellite imaging site, or an internet mapping tool, pursuant to CPLR 4511(c). Plaintiff is continuing to investigate, and Plaintiff reserves the right to supplement this response through trial.

## RESPONSE TO DEMAND FOR ACCIDENT OR INCIDENT REPORTS

Plaintiff objects to this demand to the extent it is overbroad, invasive of Plaintiff's privacy, seeks information not related to issues in this case, or seeks information not material or necessary to the prosecution or defense of this action. Plaintiff further objects to this demand to the extent it seeks information or records already in Defendant's possession. Notwithstanding this objection:

- Please see the enclosed Target store incident report and Suffolk County Police Department aided-case report.

## RESPONSE TO DEMAND FOR PRIOR LAWSUITS RECORDS

Plaintiff objects to this demand to the extent it is overbroad, invasive of Plaintiff's privacy, seeks medical information not related to the injuries at issue in this case, or seeks information not material or necessary in the prosecution or defense of this action. Notwithstanding this objection:

- Plaintiff is not in possession of any responsive materials regarding relevant prior and/or subsequent claims.

## RESPONSE TO DEMAND FOR PARTY STATEMENTS

Plaintiff is not in possession of any written, recorded, or transcribed statements of any party, except those contained in medical records, documents, and videos disclosed herewith.

Plaintiff is continuing to investigate and reserves the right to supplement this response through trial.

4

## RESPONSE TO NOTICE TO PRESERVE FOOTWEAR

This notice is acknowledged.

## RESPONSE TO DEMAND FOR MEDICARE FORM

Plaintiff is not a Medicare recipient.

## RESPONSE TO DEMAND FOR COLLATERAL SOURCE INFORMATION

Plaintiff objects to this demand to the extent it is overbroad, invasive of Plaintiff's privacy, seeks medical information not related to the injuries at issue in this case, or seeks information not material or necessary to the prosecution or defense of this action. Notwithstanding this objection, Plaintiff's medical treatment for injuries sustained in the subject incident was reimbursed in part by:

- Medicaid – ID#: GN03725H.
- Plaintiff is eligible for disability benefits and is in the process of filing for SSI.
- Plaintiff will not make any workers' compensation claim arising from the subject incident and is not a Medicare recipient.

Duly executed HIPAA-compliant authorizations for the release of Plaintiff's collateral source records are enclosed. Plaintiff intends to assert damages representing any "Lien" or "Recovery Right," whether legal or contractual, asserted by any collateral source. Plaintiff is continuing to treat, and Plaintiff reserves the right to supplement this response through trial.

## RESPONSE TO DEMAND PURSUANT TO CPLR 2103 (e)

Plaintiff objects to this demand to the extent that it seeks materials equally available to Defendant(s). Notwithstanding this objection, responsive information is available to defendants on the New York State Courts Electronic Filing system and the names and addresses of all attorneys are available at the end of this document.

## RESPONSE TO DEMAND FOR EXPERT WITNESS INFORMATION

Plaintiff objects to these demands as premature. Plaintiff will disclose expert witnesses in accordance with CPLR 3101(d).

Notwithstanding this objection, Plaintiff has not decided which experts Plaintiff may call at trial. Although treating physicians are not expert witnesses under CPLR Article 31, *see Rook v. Key Centre, Inc.,* 239 AD2d 926 [4th Dept 1997], Plaintiff's treating physicians may testify as to the care and treatment provided to Plaintiff, and the causal relationship between the subject incident and Plaintiff's injuries.

5

### RESPONSE TO DEMAND PURSUANT TO CPLR 306 (a)

Plaintiff objects to this demand to the extent that it seeks materials equally available to Defendant(s). Notwithstanding this objection, responsive information is available to defendants on the New York State Courts Electronic Filing system.

### RESPONSE TO DEMAND FOR SURVEILLANCE MATERIALS AND/OR VIDEO TAPES

Plaintiff objects to this demand to the extent it seeks privileged material, including attorney-client communications, attorney work product, and materials prepared in anticipation of litigation. Plaintiff further objects to any demand for metadata, ESI information, and the like as vague, overbroad, unduly burdensome, and seeking information not material or necessary in the prosecution or defense of this action. Notwithstanding this objection, please see Plaintiff's Response To Demand For Photographs and Videos.

### RESPONSE TO DEMAND THAT EVIDENCE BE PRESERVED

This notice is acknowledged.

### RESPONSE TO DEMAND PURSUANT TO § CPLR 3101

Plaintiff objects to this demand. Plaintiff will not delay necessary medical treatment to facilitate Defendant(s)'s requested discovery. *See Fadeau v Corona Indus. Corp.*, 217 AD3d 1, 7 [2d Dept 2023] ("It is not reasonable to require a plaintiff to delay medical treatment, and potentially prolong his or her suffering, solely to allow a defendant to examine the plaintiff's body in a presurgical state."); *Gilliam v Uni Holdings*, 201 AD3d 83, 86-87 [1st Dept 2021] ("To find that a person has an 'obligation,' to preserve his or her body in an injured state so that a defendant may conduct an ME, is antithetical to our belief in personal liberty and control over our own bodies."). Notwithstanding this objection, Plaintiff is available for a medical examination at a mutually convenient time.

### RESPONSE TO DEMAND PURSUANT TO CPLR 3017(c)

Plaintiff demands judgment against the defendants in the sum of fifty million dollars, together with the costs, interest, and disbursements of this action.

### RESPONSE TO DEMAND PURSUANT TO MANDATORY INSURER REPORTING LAW, SECTION 111 OF PUBLIC LAW 110-173

Plaintiff objects to this demand to the extent it is overbroad, invasive of Plaintiff's privacy, seeks medical information not related to the injuries at issue in this case, or seeks information not material or necessary to the prosecution or defense of this action. Notwithstanding this objection, please see Plaintiff's Response To Demand For Collateral Source Information.

6

**PLEASE TAKE NOTICE** that Plaintiff reserves the right to serve supplemental and/or amended responses at any time, through and including the time of trial.

Dated: New York, New York
June 26, 2026

**MORGAN & MORGAN NEW YORK PLLC**

/s/ *Nicholas Gerschman*
Nicholas Gerschman
Attorneys for Plaintiff
199 Water Street, 15th Floor
New York, NY 10038-3540
(917) 344-7021
ngerschman@forthepeople.com

**TO:**

Allison C. Leibowitz, Esq.
Simmons Jannace DeLuca, LLP
*Attorneys for Defendants*
*Target Corporation i/s/h/a Target*
*Corporation and Target Stores*
43 Corporate Drive
Hauppauge, New York 11788-2048
(631) 873-4888

7