# SIMMONS JANNACE DELUCA, LLP
### ATTORNEYS AT LAW
43 CORPORATE DRIVE
HAUPPAUGE, NEW YORK 11788-2048
(631) 873-4888
FAX (631) 873-4889

Kevin P. Simmons
Steven D. Jannace
Sal F. DeLuca
Allison C. Leibowitz
Michael C. Lamendola*
Ian E. Hannon
——————————
Marcus Brown
Irina Feferman*
Michael C. Hayes
Thomas J. Jannace
Ian J. Toth
Scott H. Wertheimer

Counsel

Matthew C. Maloney

——————————

*Also Admitted NJ
^Also Admitted CT

July 23, 2026

VIA ECF
Honorable Nusrat J. Choudhury
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York

   Re: Oliver, Simone v. Target Corporation
     Civil Action No.: 2:26-cv-04047-NJC-ST

Honorable Judge Choudhury:

  Our office represents defendant, Target Corporation ("Target"). We write in opposition to plaintiff Simone Oliver's letter motion seeking a pre-motion conference.

### **Removal was Timely**

  Plaintiff's application should be denied as the Notice of Removal was timely. Plaintiff's Complaint is not sufficient alone to establish subject matter jurisdiction and, therefore, Target's time to remove did not start upon receipt of the Complaint, despite plaintiff's claims. The Complaint does not address the jurisdictional deficiency identified by the Court in its July 9, 2026 Order to Show Cause (See, ECF No. 6). In that Order, the Court found that after reviewing the Notice of Removal and the Complaint, that the amount in controversy requirement for diversity jurisdiction had not yet been established. *Id* at 3. On June 26, 2026, Target's counsel received plaintiff's discovery responses, which alleged $50 million in damages. That same day, defendant received plaintiff's Bill of Particulars which, for the first time disclosed plaintiff's alleged injuries. It is respectfully submitted that the 30-day time period for removal did not start until Target learned of plaintiff's alleged injuries to support the representation that the amount in controversy exceeds $75,000. Indeed, it is the law of the case that neither the language in the Complaint nor the $50 million demand alone is sufficient to establish subject matter jurisdiction. *Id*.

  The Court, in its Order to Show Cause, correctly found that the Complaint was "bereft of any factual allegations" supporting the alleged damages and that it alleged only generally that plaintiff sustained "serious injuries and damages," without allegations concerning the nature of any injury, medical treatment, treatment duration, or medical expenses. See Wood v. Maguire

Honorable Nusrat J. Choudhury
United States District Court
Eastern District of New York
July 23, 2026
Page 2


Automotive, LLC, 508 F. App'x 65, 65-66 (2d Cir. 2013) (affirming dismissal of complaint for lack of subject matter jurisdiction where the complaint's allegation "of $75,000 in controversy is conclusory and not entitled to a presumption of truth"). The Court further noted that even plaintiff's response to Combined Demands alone, which demanded damages in the amount of $50 million, did not provide factual detail sufficient for the Court to ascertain that there is a "reasonable probability that the amount in controversy exceeds $75,000, let alone that it is around $50 million". (See ECF No. 6 at p. 5).

Target's Affirmation dated July 14, 2026 provided the Court with a copy of plaintiff's Verified Bill of Particulars, detailing plaintiff's alleged injuries to her right ankle and foot. Additionally, Target attached a letter from plaintiff's counsel demanding a sum in excess of $1 million dollars and information regarding plaintiff's treatment, diagnoses and her ongoing symptoms. (See ECF No. 7-2). The Court recognized that it was not until this additional information was provided that it was successfully established that the amount in controversy exceeds $75,000. (See ECF Order dated July 18, 2026).

Under Second Circuit authority, the 30-day removal clock does not begin unless removability can be intelligently ascertained from the face of the initial pleading or from a later paper. See Moltner v. Starbucks Coffee Co., 624 F.3d 34, 37-38 (2d Cir. 2010). Plaintiff's Wherefore clause vaguely referencing the federal jurisdictional threshold, without supporting facts concerning the injuries or damages claimed, did not permit Target to objectively ascertain removability at the time of service. (See Wood v. Maguire Automotive, LLC, 508 F. App'x 65, 65-66 (2d Cir. 2013)).

Plaintiff's cited cases do not compel a different result. Those cases address complaints that, on their own facts, were found sufficient to trigger the removal period. Here, by contrast, the Court has already reviewed this Complaint and held that it does not contain factual allegations sufficient to establish the amount in controversy, establishing that this is the law of the case. Plaintiff cannot rely on the Complaint as clear proof that removability was ascertainable in January while the Court has already found that the same pleading does not establish subject matter jurisdiction.

**<u>Plaintiff is Not Entitled to Fees</u>**

As the Complaint did not provide factual allegations from which Target could ascertain that the amount in controversy exceeds $75,000, the 30-day removal period did not begin to run upon service of the Complaint. Target did not have an objectively reasonable basis to remove the case until June 26, 2026, when it received plaintiff's Bill of Particulars detailing plaintiff's claimed injuries. Plaintiff's request for attorneys' fees should therefore be denied. See Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). The U.S. Supreme Court has held that, "absent unusual circumstances," attorneys' fees under 28 U.S.C. § 1447(c) should be awarded only where the removing party lacked an objectively reasonable basis for removal. Here, Target only had an objectively reasonable basis to remove after receiving plaintiff's discovery response identifying

Honorable Nusrat J. Choudhury
United States District Court
Eastern District of New York
July 23, 2026
Page 3

claimed damages and alleged injuries sufficient to support diversity jurisdiction. This Court routinely denies post-remand fee requests where the removing defendant's jurisdictional position, even if ultimately unsuccessful, was objectively reasonable and not an attempt to abuse or harass plaintiff or to force plaintiff to incur unnecessary expenses. See Coleman v. Selene Fin., LP, No. 23-CV-3096 (LDH) (CLP), ECF No. 17 (E.D.N.Y. 2024); Preci v. Jovanii H Transp. LLC, No. 25-CV-6369 (MKB), 2026 U.S. Dist. LEXIS 80516, at *18-19 (E.D.N.Y. 2026) (denying plaintiff's motion for post-remand attorneys' fees under § 1447(c)). It should be noted that plaintiff only references case law awarding fees in district courts of Georgia, Colorado and Kansas without citing to cases venued in the Eastern District of New York or the Second Circuit.

It is respectfully submitted that any unnecessary delay in this matter is attributable to plaintiff, not Target. The Court's Order to Show Cause wherein Your Honor found that neither plaintiff's complaint nor the $50 million demand alone was sufficient to establish subject matter jurisdiction was dated July 9, 2026. (See ECF No. 6). Target filed its Affirmation establishing subject matter jurisdiction on July 14, 2026. (See ECF No. 7). Plaintiff's Exh 2 demonstrates that it took plaintiff eight days to address this issue. During that time, plaintiff outlined the same legal arguments now relied upon in plaintiff's request for a pre-motion conference. Yet it took until July 21, 2026 (12 days after the Court's Order to Show Cause, seven days after Target filed its Affirmation, and four days after the Court established that it had subject matter jurisdiction), to file its application. Those arguments could have been presented earlier, including while the Court's decision on Target's response to the Order to Show Cause remained pending, rather than through a separate letter motion seeking additional motion practice and wasting the Court's valuable time and resources.

Target respectfully requests that the Court deny plaintiff's request for a pre-motion conference and deny plaintiff's request for fees. It is also respectfully requested that if fees are awarded to any party, that same be awarded to Target due to plaintiff's unnecessary waste of the Court's time and Target's time.

In the event Your Honor schedules this matter for a pre-motion conference, please be advised that I will be out of the country from July 24, 2026 through August 3, 2026. Accordingly, I respectfully request that any such conference be scheduled upon my return.

Thank you for the opportunity to address this Court.

Respectfully submitted,

*Allison C. Leibowitz*

Allison C. Leibowitz (AL-7226)

Cc:
*Via ECF to all appearing parties*